```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JANEVIE CHAUVIN                   *    CA No.06-2290(J)(2)
      Plaintiff                   *
                                  *    Judge Carl J. Barbier
Versus                            *
                                  *
FUGRO-GEOTEAM SA, EXPLORATION     *    Magistrate Wilkinson
CONSULTANTS LTD, INC., and        *
CAMBRIAN CONSULTANTS and          *
HYDRO-SEARCH USA, INC. d/b/a      *
RPS ENERGY LTD, INC.              *
      Defendants                  *
-----------------------------------------------------------------
```

**ANSWER AND COMPULSORY COUNTER-CLAIM WITH JURY DEMAND**

Now into court comes Levy Brunet, made defendant by the original complaint of Janevie Chauvin, and with respect thereto, answers:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against this defendant.

**SECOND DEFENSE**

There is no valid Admiralty or other jurisdiction concerning this defendant in this forum.

**THIRD DEFENSE**

Plaintiff's claims against defendant under the Jones Act, and the General Maritime Law are ill founded, factually baseless, legally groundless and not made in good faith.

**Fourth Defense**

And now in further answer, defendant, Levy Brunet, but answering only for himself, specifically answers each and every allegation of plaintiffs' Complaint.

**Fifth Defense**

At all times relevant, the legal relationship between Levy Brunet and plaintiff was specifically and exclusively controlled by that written bilateral non-exclusive broker agreement dated 12th December 2005, the precise terms and provisions of which providing the best evidence of the contents thereof, are incorporated herein by reference as if copied verbatim and **in extenso**.

**AFFIRMATIVE AND/OR DEFENSES STATED IN THE ALTERNATIVE**

**Sixth Defense**

While at all times specifically denying any and all fault, negligence or responsibility to the plaintiff, this defendant alleges and avers that the damages sustained by the plaintiff, if any, were caused solely by plaintiff's own fault, neglect, misconduct, inattention, lack of skill, or breach of duty, without any fault whatsoever on the part of defendant; but, in the event that plaintiff may be able to establish any fault or negligence on the part of this defendant, which is at all times specifically denied, defendant pleads the substantial comparative negligence of

the plaintiff as a complete bar to and/or mitigating factor reducing any award of damages to the plaintiff herein, if any.

### Seventh Defense

As a further defense, defendant alleges and avers that the plaintiff failed to mitigate her damages as required by law and is thereby precluded from making any claims for damages in excess of those which could not have been prevented in the exercise of ordinary care, effort, and prudence in mitigating one's losses.

### Eighth Defense

Alternatively, defendant, alleges and avers as a separate alternative defense that any accident or injuries plaintiff, may prove, were the result or results of the acts and/or omissions, commissions, negligence and/or breach of duty of other parties or third parties, over whom this defendant had no control, and for which acts and/or omissions this defendant has no responsibility, legal or otherwise; which contributed in varying combinations and degrees with the negligence and/or breach of duty of the plaintiff, to produce the results complained of by plaintiff herein.

### Ninth Defense

These defendants alternatively plead **Act of God** and/or *vis major.*

### Tenth Defense

As a further additional, alternative defense, this defendant alleges and avers that if plaintiff was injured or sustained damage, it was in the course and scope of his normal job, duties, and occupational tasks and responsibilities, without any fault or neglect of this defendant, and he is therefore **estopped** from making claims for normal risks assumed as incidental and inherent in the nature of his employment undertakings.

### Eleventh Defense

If the plaintiff, was injured, his injury arose from his own failure to perform the personal duties and responsibilities contracted, which were normal and incidental components of his engagement which failure created an unreasonable risk of injury to himself and/or an unsafe vessel, if any such condition is found to have existed and to have caused the plaintiff's injuries.

### Twelfth Defense

As a further separate and independent defense to the entirety of plaintiff's claim for damages and for the separate claim to maintenance and cure, defendant avers that plaintiff was guilty of continuing mis-conduct and

mis-representation in refusing, failing and declining to disclose critical information and prior illnesses and injuries, including but not limited to prior injuries and/or physical conditions which were/are directly relevant to her claim of injury and subsequent treatment, and the exaggeration of symptoms and injuries to obtain from this defendant, cost free care for pre-existing injuries and disabilities; and as a consequence thereof, forfeits forever any and all right to recover for alleged physical injury and for payment of maintenance and cure, and wages. In the continuing alternative, defendant alleges and avers that it has previously discharged to or on behalf of plaintiff, sums considerably in excess of any possible obligation to which she could show any possible entitlement, and Defendant, has no further obligation of any kind to or on behalf of plaintiff.

Pursuant to the Federal Rules of Civil Procedure, defendant, Levy Brunet, demands trial by jury on all issues.

**WHEREFORE**, Defendant, prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings have been had, that there be judgment herein in its favor and against plaintiff, dismissing all of plaintiff's claims, with prejudice, at plaintiff's

costs, for all other just and equitable relief, and further; that defendant, Levy Brunet be permitted to prosecute and be granted relief on his compulsory counterclaim which follows below:

**COMPULSORY COUNTERCLAIM**

This, the counterclaim of Levy Brunet, is deemed compulsory under the Federal Rules of Civil Procedure, and whereas this claim could not be heard in this Court for lack of independent jurisdiction, it is considered pendant under federal court third-party practice rules, and permits Levy Brunet to demand trial by jury of all issues.

**I.**

Levy Brunet re-urges, reiterates and incorporates by reference, all claims, denials, alternative, and affirmative defenses of his original answer to the original complaint.

**II.**

There existed at all times relevant, that certain written contract representing the law between the parties, signed by Brunet and plaintiff on 12th December 2005, to control their legal relationship, and that contract is incorporated herein.

**III.**

The contract designated counterclaimant, Levy Brunet, as plaintiff's non-exclusive job broker, or employment agent, and required that plaintiff defend and indemnify Brunet from <u>all</u> claims and/or suits, including those made against him, even though, and especially those, precipitated by or on her behalf or precipitated by her actions, tortious or otherwise.

### IV.

The present suit against Levy Brunet is factually and legally groundless, and is not in good faith.  Levy Brunet has made repeated written demands on plaintiff and her counsel for cessation of the litigation against him, but all to no avail.

### V.

Defendant has formally and repeatedly placed plaintiff in default.

### VI.

Plaintiff knowingly, and tortiously, breached the clear terms of her contract with Brunet, and is obliged to him for damages, including full defense, indemnity, all attorney fees, costs, general damages, and awards for punitive damages as penalty and discouragement for her knowing and intentional breach of her contract.

Wherefor, Levy Brunet prays for the relief requested from this Court in his original answer to the original complaint, and for the relief that has been prayed for in this, his compulsory, counterclaim.

**RESPECTFULLY SUBMITTED.**

//s Fred E. Salley

_____
**FRED E. SALLEY (11665)
SALLEY & ASSOCIATES**
P.O. Box 3549
Covington, LA  70434
**Telephone: (985) 867-8830
Facsimile: (985) 867-8927
Counsel for Defendant
Levy Brunet**

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by facsimile, receipt requested, or by depositing same in the United States Postal Service, properly addressed and postage prepaid this 29th day of November 2006.

//s Fred E. Salley
_____
**FRED E. SALLEY, T.A.  (11665)**