UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANEVIE CHAUVIN | CIVIL ACTION NO. 06–2290 |
| VERSUS | SECTION "J" <br> JUDGE CARL J. BARBIER |
| FUGRO–GEOTEAM SA, EXPLORATION CONSULTANTS LTD., INC., CAMBRIAN CONSULTANTS, and HDRYOSEARCH USA, INC. d/b/a RPS ENERGY LTD., INC. | DIVISION 2 <br> MAGISTRATE JUDGE <br> JOSEPH WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Defendant, Exploration Consultants Limited, Inc. ("ECL"), through undersigned counsel, respectfully submits its Memorandum in Support of Motion for Summary Judgment. For the reasons set forth below, this Court should grant this motion and hold that the plaintiff, Janevie Chauvin, is not a seaman under the Jones Act, and therefore dismiss all of her claims under the Jones Act.

**I.   Factual Background.**

The plaintiff, Janevie Chauvin, was allegedly injured after being assigned to the M/V GEO ARCTIC off the coast of Louisiana. The M/V GEO ARCTIC is a Russian vessel that is registered with the U.S. Coast Guard as a research vessel that performs seismic testing, gathering data about the ocean's floor.[1] As a governmental requirement, the ship must have aboard persons certified as a Marine Mammal Observer ("MMO").[2] This person's sole function is to look for whales, porpoises, dolphins and other particular marine animals, and if

---

[1] Exh. A, Coast Guard report on M/V GEO ARCTIC; Exh. B., Deposition of Janevie Chauvin, at 74-75.
[2] Exh. B., Deposition of Janevie Chauvin, at 75.

necessary, to stop seismic operations while certain of these animals are within range of the ship.[3]

It was for this function that the plaintiff was hired to work aboard the M/V GEO ARCTIC. The assignment was arranged by a Mr. Levy Brunet, stationed in Louisiana, who also previously paid for her training to become a certified MMO.[4] He arranged different MMO jobs for her, and specifically her assignment and work schedule aboard the M/V GEO ARCTIC.[5] She would report to him via satellite phone or email if she had any problems or questions while assigned to the M/V GEO ARCTIC, and her paychecks were issued by him.[6] Her sole duties aboard the ship were to look for marine mammals, sharing shifts with two other MMOs aboard the ship.[7] She did not perform any other functions.[8]

It was during her performance of her duties as an MMO that she allegedly slipped and fell and sustained several injuries for which she now brings suit, claiming, among other remedies, to be a seaman under the Jones Act. However, because she was a scientific observer assigned to a scientific vessel, she is not a seaman and all of her claims based on seaman status under the Jones Act should be dismissed.

---

[3] *Id.* at 75–76.
[4] Exhibit B at 60-61.
[5] Exhibit B at 70-71.
[6] Exhibit B at 66, 71-73.
[7] Exhibit B at 75-77.
[8] Exhibit B at 179.

**II.     Law & Argument.**

Vessels engaged in scientific research are operated by a crew that performs the traditional duties assigned to seamen. However, the vessel naturally carries scientific personnel that have nothing to do with the navigation or maintenance of the vessel. As a result, under the Oceanographic Research Vessel Act ("ORVA"), Congress set forth regulations regarding the status of just such individuals.[9]

ORVA provides that if a ship is recognized and registered by the U.S. Coast Guard as an "oceanographic research vessel,"[10] then, among others, the vessel acquires the following unique legal characteristics:

(1)     It is not considered a passenger vessel under the laws relative to the inspection and manning of merchant vessels by reason of the carriage of scientific personnel;[11]

(2)     It is not deemed to be engaged in trade or commerce;[12]

(3)     Scientific personnel aboard her 'shall not be considered seamen under the provisions of title 53 of the Revised Statutes and Act amendatory thereof or supplementary thereto.[13]

---

[9] Congress recently removed the provisions set forth in the Oceanographic Research Vessel Act when it revised the entire appendix to Title 46 that previously contained the Act. This revision took effect in August, 2006. However, this is a substantive change in the law that does not have retroactive effect. As Ms. Chauvin's alleged injuries occurred before the repeal of the Act, Ms. Chauvin's claims are to be evaluated under the Act.

[10] 46 U.S.C. § 2101 (18) defines an oceanographic research vessel as "a vessel that the Secretary finds is being employed only in instruction in oceanography or limnology, or both, or only in oceanographic or limnological research, including studies about the sea such as seismic, gravity meter, and magnetic exploration and other marine geophysical or geological surveys, atmospheric research, and biological research."

[11] 46 U.S.C. § 442, *repealed by* PL 109–304, effective October 6, 2006.

The purpose of ORVA, then, is to classify scientific personnel aboard an oceanographic research vessel as non–passengers and non–seamen.[14]

As registered by the U.S. Coast Guard, the M/V GEO ARCTIC is a research vessel whose function is to perform scientific seismic testing to gather information about the ocean floor.[15] As such, the M/V GEO ARCTIC clearly fits the definition of an oceanographic research vessel under ORVA.

Similarly, Ms. Chauvin is considered scientific personnel aboard the vessel. ORVA defines scientific personnel as those "who are aboard a vessel solely for the purpose of engaging in scientific research, instructing, or receiving instruction, in oceanography or limnology."[16] Here, Ms. Chauvin was aboard the vessel to assist in the scientific research of the seismic testing function of the ship.[17] It was her job to watch out for marine wildlife and maintain the safety of these animals while the seismic research was being conducted.[18]

Most importantly, this was her only function aboard the ship.[19] She did not aid in navigation, clean up, operate any equipment, or perform any other duty aboard the ship other than look for certain marine wildlife during seismic operating hours.[20] In a similar case, the court found that an employee of a separate company aboard a foreign fishing vessel solely for the purpose of observing marine mammal life was not considered a seaman for Jones Act

---

[12] 46 U.S.C. § 443, *repealed by* PL 109–304, effective October 6, 2006.
[13] 46 U.S.C. § 444, *repealed by* PL 109–304, effective October 6, 2006.
[14] *Sennet v. Shell Oil Co.*, 325 F. Supp. 1, 4 (E.D. La. 1971).
[15] *See* Exh. A, Coast Guard report on M/V GEO ARCTIC.
[16] 46 U.S.C. App. § 443; *Williams v. Western Atlas, Inc.*, 1998 WL 892645, at *1 (E.D. La., Dec. 18, 1998).
[17] Exh. B., Deposition of Janevie Chauvin, at 74–76.
[18] *Id.* at 75–78.
[19] *Id.*

purposes.[21]  Just as the employee in the other case, Mrs. Chauvin falls under the provisions of ORVA and is therefore precluded from being classified as a seaman under the Jones Act.

## III. Conclusion.

The Oceanographic Research Vessel Act, in force at the time of the plaintiff's alleged injury, prevents scientific personnel aboard a scientific research vessel from claiming status as a Jones Act seaman.  Here, the plaintiff, Ms. Janevie Chauvin, was employed in the scientific capacity of a Marine Mammal Observer aboard the scientific research vessel, the M/V GEO ARCTIC, when she allegedly slipped and fell, sustaining injury.  Therefore, this Court should find that Ms. Chauvin is not a seaman under the Jones Act and dismiss all of her claims under the Jones Act.

        Respectfully submitted:
        LeBAS LAW OFFICES, APLC

        /s/ Barry J. Rozas
        HENRY H. LeBAS, Bar No. 23185, T.A.
        BARRY J. ROZAS, Bar No. 21849
        201 Rue Iberville, Suite 600
        The LaHaye Center, 6th Floor
        Lafayette, Louisiana  70508
        Telephone:   337-236-5500
        Telefax:      337-236-5590
        Attorney for Exploration Consultants LTD, Inc.

---

[20] *Id.*
[21] *O'Boyle v. U.S.*, 993 F.2d 211, 213–14 (11th Cir. 1993).

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the above and foregoing pleading has been this date electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all CM/ECF participants. I also certify that the above and foregoing has this date been forwarded by U.S. Mail, postage prepaid and properly addressed to the non-CM/ECF participants.

      Lafayette, Louisiana, the 24th day of April, 2007.

                                                  /s/ Barry J. Rozas
                                                  BARRY J. ROZAS