**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JANEVIE CHAUVIN** | **CIVIL ACTION** |
| | |
| **VERSUS** | **NO. 06-2290** |
| | |
| **FURGO-GEOTEAM SA, EXPLORATION** | **SECTION T(4)** |
| **CONSULTANTS LTD., INC., CAMBRIAN** | |
| **CONSULTANTS, and HYDROSEARCH** | |
| **USA, INC. d/b/a RPS ENERGY LTD., INC.** | |

Before the Court is a Motion for Summary Judgment filed on behalf of Exploration

Consultants Ltd. ("ECL") (Doc. 38) and a Motion for Summary Judgment filed on behalf of Furgo-

Geoteam SA ("Furgo") (Doc. 39).  The Court, having considered the arguments of the parties, the

Court record, the law and applicable jurisprudence is fully advised in the premises and ready to rule.

**ORDER AND REASONS**

**I.      BACKGROUND**

Plaintiff, Janevie Chauvin was allegedly injured while boarding the Russian scientific

research vessel, the M/V GEO ARCTIC.  While being helped aboard a work boat which brought Ms.

Chauvin to the GEO ARCTIC, she allegedly slipped and fell injuring her knee, causing a torn

meniscus.  Plaintiff claims to have further injured her knee by slipping in "sea slime" and "walking

down stairs" while aboard the GEO ARCTIC.  The M/V GEO ARCTIC is registered with the U.S.

Coast Guard as a research vessel that performs seismic testing, gathering data about the ocean's

floor.

As a seismic research vessel, the ship is required by the government to have persons certified

as Marine Mammal Observers (MMO) aboard.  The sole function of these MMO personnel is to

search for whales, porpoises, dolphins, and other marine animals, and if necessary, to stop the

seismic testing while these animals are within the ship's range.

Janevie Chauvin was hired and acted solely in the role of an MMO, recording the locations

and descriptions of certain marine mammals and warning the crew if these mammals were in range

of the M/V GEO ARCTIC.

## II.     LAW AND ANALYSIS OF THE COURT

### A.     Law on Summary Judgment

The Federal Rules of Civil Procedure provide that summary judgment should be granted only

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The party moving for

summary judgment bears the initial responsibility of informing the district court of the basis for its

motion, and identifying those portions of the record which it believes demonstrate the absence of

a genuine issue of material fact.  *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996) (citing

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.) (quoting *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986)), *cert. denied*, 506 U.S. 832 (1992)).  When the moving party has carried

its burden under Rule 56(c), its opponent must do more than simply show that there is some

metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific

facts showing that there is a *genuine issue for trial*."  *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954

(5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no "genuine issue for trial."  *Matsushita Elec. Indus. Co.*, 475 U.S. at 588.

Finally, the Court notes that substantive law determines the materiality of facts and only "facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B.     Analysis of the Court

Defendants contend that Ms. Chauvin is not a seaman under the Jones Act for two reasons.

First, they argue that she is precluded from being a seaman by the Oceanographic Research Vessel

Act (ORVA).  Alternatively, the defendants argue that Ms. Chauvin does not fit the definition of

seaman under the applicable Jones Act case law.

First, defendants argue that the ORVA provides that scientific personnel aboard

oceanographic research vessels are not to be considered seamen under the Jones Act.  The ORVA

defines an oceanographic research vessel as "a vessel that the Secretary finds is being employed only

in instruction in oceanography or limnology . . . including studies about the sea such as seismic

[research]." 46 U.S.C. § 2101 (18).  The ORVA further defines scientific personnel as those "who

are aboard a vessel solely for the purpose of engaging in scientific research, instructing, or receiving instruction in oceanography or limnology."  46 U.S.C. App. §443.

Alternatively, the defendants argue that under the applicable Jones Act case law, Ms. Chauvin does not fit the definition of a seaman, as being a member of the ship's crew requires one to "contribute to the function of the vessel or to the accomplishment of [the ship's] mission." *Chandris v. Latsis*, 515 U.S. 347, 368 (1995).   In addition to contributing to the ship's mission, a "seaman must be doing the ship's work." *Id.* at 357.

To support their proposition that a crew member must be "doing the ship's work" the defendants point to the Fifth Circuit case of *Hufnagel v. Omega Service Industries Inc.,* 182 F.3d 340 (5th Cir. 1999) and the Eleventh Circuit case of *O'Boyle* v. *United States*, 993 F.2d 211 (11th Cir. 1993).  In *Hufnagel,* the Court held that a worker on a jack-up rig whose duties were limited solely to repair of a platform upon the rig was not a crewmember of the jack-up. *Hufnagel*, at 346-347.  Similarly, in *O'Boyle*, the Eleventh Circuit found held that a biologist who was aboard a fishing vessel conducting research and collecting data about drift net fishing was not performing the ship's work and was not a member of the ship's crew.  *O'Boyle*, at 213.

In its opposition, the plaintiff unsuccessfully attempts to dissuade this Court from adopting the defendants' arguments that Ms. Chauvin is not a seaman.  The plaintiff first argues that as an MMO, Ms. Chauvin's position clearly contributed to the M/V GEO ARCTIC's accomplishment of its mission of performing seismic work.  The plaintiff then argues that although Ms. Chauvin was contributing to the ship's mission of performing the seismic work, she should not be treated as "scientific personnel" under the ORVA because she was not performing the seismic work itself.

4

Finally, the plaintiff argues that since Ms. Chauvin was listed as a member of the crew, she should be given seaman status under the Jones Act.

The plaintiff, however, does nothing to argue that the M/V GEO ARCTIC is not a scientific research vessel as defined by the ORVA.  Nor does the plaintiff argue that Ms. Chauvin's recording of the locations and descriptions of marine mammals does not constitute scientific research work under the ORVA.  As such, the ORVA is applicable here and, consequently, Ms. Chauvin is not a seaman under the Jones Act.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed on behalf of Exploration Consultants Ltd. ("ECL"), (Doc. 38) and the Motion for Summary Judgment filed on behalf of Furgo-Geoteam SA ("Furgo") (Doc. 39) are **GRANTED.**

**IT IS FURTHER ORDERED** that all Jones Act claims brought by the Plaintiff based upon Plaintiff's status as a seaman are hereby **DISMISSED.**

New Orleans, Louisiana, this 1ST day of August, 2007.

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5