UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANEVIE CHAUVIN | CIVIL ACTION NO. 06–2290 |
| VERSUS | SECTION "T" |
| | JUDGE G. THOMAS PORTEOUS, JR. |
| FUGRO–GEOTEAM SA, EXPLORATION CONSULTANTS LTD., INC., CAMBRIAN CONSULTANTS, and HDRYOSEARCH USA, INC. d/b/a RPS ENERGY LTD., INC. | DIVISION 2 MAGISTRATE JUDGE JOSEPH WILKINSON, JR. |

MEMORANDUM IN SUPPORT OF MOTION FOR RULE 54(b) RELIEF
ON BEHALF OF EXPLORATION CONSULTANTS LTD., INC

MAY IT PLEASE THE COURT:

Exploration Consultants Ltd., Inc. ("ECL") must be granted Rule 54(b) relief and an entry of final judgment because ECL is entitled to a judgment recognizing that the Oceanographic and Research Vessel Act ("ORVA") applies to this case, and that Plaintiff is not a seaman under the Jones Act, and because there is no just reason for delay:

BACKGROUND

On August 1, 2007, this Honorable Court dismissed all Jones Act claims by Plaintiff and granted ECL's motion for summary judgment in an order with written reasons declaring that ORVA is applicable to the case *sub judice* and that the Plaintiff is not a seaman under the Jones Act.[1]

ARGUMENT

The judgment granted to ECL is definitive, but is not a final judgment subject to review. However, Federal Rules of Civil Procedure 54(b) provides that the court shall

---

[1] See Pacer, record number 53.

order the entry of a final judgment terminating any party's participation in a case upon express request by a party to an action and provided there is no just reason for delay. [2]

In this case, plaintiff has prayed for relief under the Jones Act, which has been denied by this Honorable Court. ECL should not be required to wait an undeterminable length of time for the action involving all parties to be resolved before the appeal delays begin to run. ECL has established that it has an interest in finality on the Summary Judgment awarded in its favor, and there are no just reasons for delaying its entry as a final judgment. Therefore, ECL respectfully requests that this Court direct the entry of a final judgment in favor of ECL recognizing that the Oceanographic and Research Vessel Act ("ORVA") applies to this case, and that Plaintiff is not a seaman under the Jones Act.

          Respectfully submitted:

          LEBAS LAW OFFICES
          (A Professional Law Corporation)


          _____
          HENRY H. LEBAS    #23185
          BARRY J. ROZAS    #21849
          201 Rue Iberville, Suite 600
          Lafayette, Louisiana 70508
          Telephone: 337-236-5500
          Telefax:    337-236-5590
          Attorneys for ECL

---

[2] "When more than one claim for relief is presented in an action… the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Federal Rules of Civil Procedure, Article 54(b).

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the above and foregoing pleading has been this date electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all CM/ECF participants. I also certify that the above and foregoing has this date been forwarded by U.S. Mail, postage prepaid and properly addressed to the non-CM/ECF participants.

    Lafayette, Louisiana, the 18th day of September, 2007.

                                          /s/ Barry J. Rozas
                                          *BARRY J. ROZAS*